UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES RAY CROOMS** | : | **DOCKET NO. 2:23-cv-1076** |
| **B.O.P. # 55174-018** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **F. MARTINEZ, JR.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner James Ray Crooms. Crooms is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Crooms was sentenced in the United States District Court for the Middle District of Florida on September 25, 2018. Doc 1, p 1. According to a denial letter to the BOP from the Jacksonville Bridge Federal Reintegration Center, Crooms was denied entry to its Residential Reentry Center (RCC) because of his violent history. Doc. 1, att. 3, p. 14. He brings this petition to challenge the

decision to deny him a prerelease custody transfer to RRC or Home Confinement (HC). Doc. 1, p. 6.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Law and Application

Two statutes govern the discretion of the BOP to place an inmate in a particular facility: 18 U.S.C. § 3621(b), which addresses the imprisonment of a convicted person, and the Second Chance Act, which provides for post-imprisonment rehabilitation services. See *Landes v. Bergami,* 2020 U.S. Dist. LEXIS 104291 (W.D. Tex. June 15, 2020). Section 3621(b) grants the BOP the authority and discretion to designate the place of confinement. Under § 3621(b), the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id*.

The Second Chance Act directs "a shift from policing those on parole to rehabilitating them," and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). It authorizes funding for drug treatment, job training and placement, educational services, and other services or support needed to rehabilitate prisoners and reduce recidivism. *Id*. The Act also addresses placement in a community corrections facility, such as a halfway house, or in home confinement. 18 U.S.C. § 3624(c). It grants the BOP Director the discretion, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id*. "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id*. It also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." Id. § 3624(c)(6).

The BOP adopted regulations implementing the Second Chance Act, codified at 28 C.F.R. §§ 570.20-.22, effective October 21, 2008. Both the statute and the regulations instruct the BOP to determine on the amount of time a prisoner should spend in residential reentry center "in a

manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis." *Id*.; 28 C.F.R. § 570.22. Section 3621(b) instructs the BOP to consider:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The subsection adds, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id*.

The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular place. *See McKune v. Lile*, 122 S. Ct. 2017, 2027 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 115 S. Ct. 2293, 2297 418 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 96 S. Ct. 2532, 2538 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

Moreover, a petitioner complaining about a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing Conn. *Bd. of Pardons v. Dumschat*, 465, 101 S. Ct. 2460, 2464 (1981))); accord *Nativi—Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003); see also *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . ., denial of such relief cannot violate a substantive interest protected by the Due Process clause."); cf. *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 99 S. Ct. 2100, 2105 (1979)).

Thus, after reviewing Crooms' petition and the applicable statutes, the Court finds that the BOP has exclusive authority and discretion to determine if and when to assign Crooms to a residential reentry center or home confinement. The BOP may consider the nature and circumstances of his offense and the comments of the Court in making this determination.

### III.
#### CONCLUSION

Crooms fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE